**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | CASE NO. 2: 21-cr-212 |
| v. | : | MAGISTRATE JUDGE VESCURA |
| TWYLA BARLOW, | : | |
| DEFENDANT. | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Twyla Barlow, is currently scheduled for sentencing on March 24, 2022. The Presentence Investigation Report has determined that the Defendant has a final Offense Level of 8 with a Criminal History Category of I which results in a sentencing range of 0 to 6 months.

After the Court makes a finding as to the applicable advisory guideline range, the Court is to consider the factors listed in 18 U.S.C. §3553(a) before imposing a sentence. Specifically applicable to this Defendant are the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of defendant;
> (2) the need for the sentence imposed –
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

In the instant case, the Defendant believes that the applicable advisory guideline range is appropriate, and a sentence within this range is sufficient to comply with the purposes set for in 18 U.S.C. §3553(a)(2). Specifically, the Defendant urges this Court to adopt the guideline range

as well as the sentencing recommendation listed in paragraph 9 of the plea agreement signed by the parties and impose a sentence of one (1) year of probation.

**I.      3553(a) Factors**

Looking to the factors listed under 18 U.S.C. §3553(a), Ms. Barlow proposes that a sentence of one (1) year of probation is appropriate in the instant case. Her prior court contact is minimal: traffic offenses and an unauthorized use of property misdemeanor nearly twenty (20) years ago, for which she received a fine and court costs. In terms of criminal history, they are zero (0) point offenses.

Probation would reflect the seriousness of the offense, promote respect for the law, and provide just punishment. While not downplaying the importance of U.S. Mail service, nobody was physically harmed nor was any harm intended. This is a crime that was unlikely to see recidivism, as Ms. Barlow is no longer employed by the U.S. Postal Service, and thus would not have access or opportunity to commit a similar crime. Given that she had no prior criminal history, nothing would suggest that she is likely to commit other crimes either. Ms. Barlow has always been gainfully employed and is once again, so educational or vocational training seem unnecessary. Simply put, Ms. Barlow was under a great deal of stress. She was overworked, underappreciated, and had a bad day that led to an extremely poor decision. Again, she does not say this to downplay the seriousness of her offense – quite the opposite. She has made it clear throughout the pendency of the case as well as during her PSR interview just how ashamed and embarrassed she is to find herself in this position. She is remorseful for her behavior, and based on her entire history, it is extremely unlikely to reoccur.

**Conclusion**

For the foregoing reasons, the Defendant submits that a within guideline sentence is appropriate, and that she should be sentenced to a term of one (1) year of probation. This adequately reflects the serious and recidivism factors of her offense.

Based upon the facts and circumstances of the case and in consideration of the applicable 18 U.S.C. §3553(a) factors, the Defendant submits that a sentence of twenty-one (21) months would be reasonable under the rationale of <u>United States v. Booker</u>, 543 U.S. 220 (2005); <u>U.S. v. Cage</u>, 458 F.3d 537, 541 (6th Cir. 2006); <u>United States v. Williams</u>, 436 F.3d 706 (6th Cir. 2006).

Respectfully submitted,

s/ Stephen T. Wolfe
Stephen T. Wolfe (0083894)
Attorney for Defendant
Wolfe Law Group, LLC
1350 W. 5th Ave., Suite 330
Columbus, OH 43212
Phone: (614) 725-5440
Fax:     (614) 686-4390
Email: swolfe@wvwlegal.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing Sentencing Memorandum of Defendant was served upon counsel for the United States, Special Assistant U.S. Attorney Amanda Soto-Ortega via email on this 17th day of March, 2022.

s/ Stephen T. Wolfe
Stephen T. Wolfe
Attorney for Defendant